IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CRIMINAL NO. 19CR1497VJ-1 |
| vs. | ) |
| **JOHNNY L. MELTON,** | ) |
| Defendant. | ) |

PLEA AGREEMENT

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, **JOHNNY L. MELTON**, and the defendant's counsel, ANDRE POISSANT:

REPRESENTATION BY COUNSEL

1.  The defendant understands the defendant's right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation.

RIGHTS OF THE DEFENDANT

2.  The defendant further understands the following rights:

    a.  to be charged and prosecuted by indictment;

    b.  to plead not guilty;

    c.  to have a trial by jury;

    d.  to confront and cross-examine witnesses and to call witnesses to testify for the defense; and

e.     against compelled self-incrimination.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.     The defendant hereby agrees to waive these rights and to plead guilty to the Information charging a violation of 18 U.S.C. § 922(g)(1), that being Felon in Possession of a Firearm.

## ELEMENTS OF THE OFFENSE

4.     The elements of 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm, are:

    a.     the defendant knowingly possessed a firearm;

    b.     the defendant had previously been convicted of a felony;

    c.     the defendant knew that he had previously been convicted of a felony[1]; and

    d.     prior to the defendant's possession of the firearm, those items moved at some time from one state to another.

## SENTENCING

5.     The defendant understands that the maximum penalty the Court can impose is:

    a.     fifteen years up to life imprisonment;

    b.     a fine not to exceed $250,000.00;

    c.     a mandatory term of supervised release of not more than five years that must follow any term of imprisonment. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release); and

    d.     a mandatory special penalty assessment of $100.00.

---

[1] The United States does not concede that 18 U.S.C. § 922(g)(1) requires this element but, acknowledging that the question is before the Supreme Court, includes it out of caution.

6. The parties are aware that the Court may accept or reject this plea agreement, or may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report. Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant shall have the right to withdraw Defendant's plea of guilty.

7. The United States hereby expressly reserves the right to make known to the United States Probation Office and to the Court, for inclusion in the presentence report prepared pursuant to Federal Rule of Criminal Procedure 32, any information that the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under USSG § 1B1.3.

8. Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the defendant agrees that, upon the defendant's signing of this plea agreement, the facts that the defendant has admitted under this plea agreement as set forth below, as well as any facts to which the defendant admits in open court at the defendant's plea hearing, shall be admissible against the defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the defendant expressly waives the defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the defendant admits in conjunction with this plea agreement.

## DEFENDANT'S ADMISSION OF FACTS

9. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient

to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the Information that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

> **On August 17, 2018, Chaves County deputies located a vehicle that had fled from the Roswell Police Department at a residence in Roswell. A deputy got permission from someone on the property to enter in order to see if the subject who fled was hiding on the property.**
>
> **Deputies found me hiding underneath a mobile home on the property after I parked the vehicle on the property and arrested me on an outstanding probation violation warrant.**
>
> **A deputy found a firearm underneath the mobile home within reach of where I was located. The firearm was an Intratec, .22 cal. pistol with an obliterated serial number. I knowingly possessed the firearm, and knew I was prohibited from possessing it because I was previously convicted of felony offenses. The firearm traveled in interstate or foreign commerce prior to the time I possessed it.**

10.  By signing this agreement, the defendant admits that there is a factual basis for each element of the crime(s) to which the defendant will plead guilty. The defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

11.  The United States and the defendant stipulate as follows:

   a.  The defendant and the United States agree, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a specific sentence of fifteen (15) years is the appropriate sentence in this case. The remaining components of the defendant's sentence, including but not limited to any fine or restitution and the length and conditions of supervised release, shall be imposed by the Court after the presentation of evidence and/or argument by the parties.

## DEFENDANT'S OBLIGATIONS

12. The defendant understands the defendant's obligation to provide the United States Probation Office with truthful, accurate, and complete information, including, but not limited to defendant's true identity, citizenship status, and any prior criminal convictions. The defendant hereby represents that the defendant has complied with and will continue to comply with this obligation. The defendant understands that any misrepresentation with respect to the above obligations may be considered a breach of this plea agreement.

13. By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless: (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal. Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

## WAIVER OF APPEAL RIGHTS

14. The defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal the defendant's conviction(s) and any sentence imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement, as well as any sentence imposed below or within the Guideline range upon a revocation of supervised release in this cause number, including any fine or any order of restitution entered by the Court. In addition, the defendant agrees to waive any collateral attack to the defendant's conviction(s) and any

sentence, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S AGREEMENT

15. Provided that the defendant fulfills the defendant's obligations as set out above, the United States agrees not to bring additional criminal charges against the defendant arising out of the facts forming the basis of the present Information.

16. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

17. The defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats or promises (other than the promises set forth in this plea agreement and any addenda). The defendant also represents that the defendant is pleading guilty because the defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

18. The defendant understands and agrees that if the defendant or the defendant's attorney violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, and obstruction of justice, and any other crime committed by the defendant during prosecution of this case.

## SPECIAL ASSESSMENT

19. At this time of sentencing, the defendant will tender a money order or certified check payable to the order of the United States District Court, District of New Mexico, 333 Lomas

Boulevard, NW, Albuquerque, New Mexico 87102, in the amount of $100.00 in payment of the special penalty assessment described above.

### ENTIRETY OF AGREEMENT

20.   This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.  The parties agree and stipulate that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.  This agreement is effective upon signature by the defendant and an Assistant United States Attorney, and upon entry of a guilty plea by the defendant pursuant to this agreement.

AGREED TO AND SIGNED this __30__ day of __May_____, 2019.

JOHN C. ANDERSON
United States Attorney

_/s/_____
for RANDY M. CASTELLANO
Assistant United States Attorney
200 N. Church Street
Las Cruces, NM  88001
(575) 522-2304 – Tel.
(575) 522-2391 – Fax

This agreement has been read to me in the language I understand best, and I have carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____
JOHNNY L. MELTON
Defendant

I am the attorney for JOHNNY L. MELTON. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____
ANDRE POISSANT
Attorney for Defendant